**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IMAX Corporation, a Canadian corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>Sanborn Theatres, Inc. dba The Movie Experience, a California corporation,<br><br>        Defendant. | CV 09-8755 RSWL (VBKx)<br><br>**ORDER Re: Defendant and Counterclaimant's Motion for Summary Judgment as to the Complaint and Partial Summary Judgment [32]** |
| Sanborn Theatres, Inc., a California corporation,<br><br>        Counterclaimant,<br><br>        v.<br><br>IMAX Corporation, a Canadian corporation; Regal Cinemas, Inc., a Tennessee corporation doing business as Edward Temecula Stadium 15 and as Edwards Temecula Stadium 15; AMC Entertainment, Inc., a Delaware corporation doing business as AMC Tyler Galleria 16; and Does 1-10, inclusive,<br><br>        Counterdefendants. | |

On May 10, 2011, Defendant and Counterclaimant Sanborn Theatre's, Inc.'s Motion for Summary Judgment as to the Complaint and for Partial Summary Judgment [32] came on for regular calendar before this Court. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS**:

The Court hereby **DENIES** Defendant and Counterclaimant's Motion for Summary Judgment and for Partial Summary Judgment.

Summary judgment is appropriate when the pleadings, affidavits, and other supporting papers demonstrate that there are no genuine issues of material fact, and the moving party is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). When making this determination, the Court must view the record in the light most favorable to the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). A "genuine" dispute is one that is supported by evidence sufficient to permit a reasonable jury to find in favor of the nonmoving party. <u>Id.</u> at 247-48.

Defendant and Counterclaimant Sanborn Theatre's, Inc. ("Defendant") first assert Summary Judgment as to Plaintiff and Counterdefendant IMAX Corporation's ("Plaintiff") Complaint against Defendant for Breach of Contract. Specifically, Defendant argues there is no

genuine issue of material fact as to whether Defendant breached the June 29, 2007 contract between the Parties (the "Agreement") that is the subject of this Action.

Defendant also asserts Partial Summary Judgment as to thirteen issues raised by Defendant in its Counterclaim that arise out of and relate to the underlying issue of whether Defendant breached the Agreement. Defendant claims that because there is no genuine issue of material fact regarding whether Defendant breached this Agreement, there are no genuine issues of material fact with regard to these issues as well. As such, Defendant requests Partial Summary Judgment as to the following: (1) Plaintiff's claim for Breach of Contract is without merit and Defendant is entitled to judgment on that claim for relief as a matter of law; (2) Defendant commenced the cure of the default alleged by Plaintiff on June 8, 2009; (3) Defendant did not breach the Agreement; (4) Plaintiff improperly terminated the Agreement; (5) Plaintiff's termination of the Agreement on June 15, 2009 was improper; (6) Plaintiff improperly terminated Defendant's exclusive territory rights under the Agreement; (7) Plaintiff breached the Agreement; (8) Plaintiff did not give Defendant the opportunity to diligently pursue the cure to completion because Plaintiff terminated the Agreement prior thereto; (9) Defendant attempted to pursue the cure to completion diligently between June 15, 2009 and June 26, 2009;

(10) Counterdefendant Regal Cinemas, Inc. ("Regal") is operating an IMAX Theater house in Riverside County within an area covered by Defendant's exclusive territory as defined by the Agreement; (11) Counterdefendant AMC Entertainment, Inc. ("AMC") is operating an IMAX Theater house in Riverside County within an area covered by Defendant's exclusive territory as defined in the Agreement; (12) AMC operated an IMAX Theater house in Orange County within an area covered by Defendant's exclusive territory as defined by the Agreement; and (13) Defendant's exclusive rights to show IMAX movies within the territory defined in the Agreement remain in full force and effect because Plaintiff did not have a right to terminate these rights.

As a preliminary matter, the Court hereby **DENIES** Defendant's Request for Judicial Notice. Fed. R. Evid. 201. With regard to Plaintiff and Counterdefendants' evidentiary objections, the Court **OVERRULES** Plaintiff and Counterdefendants' objections to Exhibits 1, 2, 10 and 13 of the Declaration of Bruce Sanborn ("Sanborn Declaration") and **OVERRULES** the objections to paragraphs 6, 7, 9, 11, 12 and 16 of the Sanborn Declaration. The Court **SUSTAINS** Plaintiff and Counterdefendants' objection to paragraph 29 of the Sanborn Declaration for lack of foundation and **SUSTAINS** the objection to Exhibit 16 of this Declaration on the grounds that it is not relevant.

### 1. Defendant's Motion For Summary Judgment As To Plaintiff's Complaint For Breach Of Contract

In this present Motion, Defendant first asserts Summary Judgment as to Plaintiff's Complaint for Breach of Contract. Plaintiff's Complaint centers around Defendant's alleged breach of the Agreement that was entered into between Defendant and Plaintiff for the sale of two projection systems and the provision of certain related services to Defendant. Plaintiff alleges that after the Parties entered into this Agreement, Defendant went into default when it failed to make the scheduled payments to Plaintiff pursuant to the terms of the Agreement. On May 7, 2009, after Defendant had gone into default, Plaintiff sent Defendant a notice of default in accordance with Section 15.01 of the Agreement.[1] Plaintiff asserts that after this notice of default was sent, Section 15.01

---

[1] Section 15.01 of the Agreement deals with the steps that must be taken in the event of default, and specifically states:

> Whenever [Defendant] is in default of its material obligations under this Agreement and continues to be in default and has failed to commence to cure such default and diligently pursue such cure to completion, within thirty (30) days after [Plaintiff] has delivered written notice of the default to [Defendant], [Plaintiff] may at its election, in addition to [Plaintiff's] rights at law or in equity, terminate this Agreement ... and all of the rights of [Defendant] with respect to the system and the Trademark and the use thereof shall be absolutely forfeited and shall lapse and [Defendant] shall pay to [Plaintiff] its losses and damages....

[Declaration of Bruce Sanborn, Ex. 4.]

required Defendant to completely cure the default within the thirty-day cure period. Plaintiff states it later agreed to extend the cure deadline to June 15, 2009, but asserts that because Defendant did not make the necessary payment by the June 15, 2009 deadline, Defendant was therefore in breach of the Agreement. Plaintiff subsequently terminated the Agreement, and now brings this current Action for damages arising from Defendant's alleged breach.

Defendant asserts that Summary Judgment should be granted as to Plaintiff's Complaint for Breach of Contract because there is no genuine issue of material fact as to whether Defendant breached the Agreement. Specifically, Defendant first argues that after Plaintiff sent the notice of default, the language contained in Section 15.01 of the Agreement did not require Defendant to completely cure the default by the end of the applicable cure period. Instead, Defendant asserts that Section 15.01 only required Defendant to timely commence a cure of the default and diligently pursue the completion of such cure in order to comply with the terms of the Agreement. Defendant argues that this interpretation of Section 15.01 is in line with the language of the Agreement as a whole, the intent of the Parties and the negotiations between the Parties that took place prior to the drafting of the Agreement. Accordingly, Defendant asserts the Court should find that Section 15.01 of the Agreement only required that

Defendant commence to cure the default and diligently pursue such cure to completion, and therefore find that Defendant was not in breach of the Agreement by failing to completely cure the default by the end of the applicable time period.

Defendant then argues that there is no genuine issue of fact regarding whether it complied with the requirements of Section 15.01 under its proffered interpretation. Specifically, Defendant asserts that it timely commenced the cure when it send Plaintiff a check for $50,263.00 on June 8, 2009 and that it took steps throughout the cure period to diligently pursue the cure of the default, up until the point in time in which Plaintiff terminated the Agreement. Therefore, Defendant argues the Court should find as a matter of law that Defendant did not breach the Agreement and that Summary Judgment should be granted as to Plaintiff's Complaint for Breach of Contract.

### A. <u>Interpretation Of Section 15.01</u>

The threshold issue in this present Motion centers around the correct interpretation of the language at issue in Section 15.01, setting forth that,

> Whenever [Defendant] is in default of its material obligations under this Agreement and continues to be in default and has failed to commence to cure such default and diligently pursue such cure to completion, within thirty (30) days after [Plaintiff] has delivered written notice of the

default to [Defendant], [Plaintiff] may at its election ... terminate this Agreement. [Declaration of Bruce Sanborn, Ex. 4.] Specifically, the Parties raise the issue of what this Section required once Plaintiff sent Defendant the notice of default. Defendant argues that the Court should find that the above language in Section 15.01 did not require Defendant to completely cure the default, but instead only required that Defendant commence to cure the default and diligently pursue such cure within the applicable time period. Plaintiff and Counterdefendants in turn argue that the Court should find that Section 15.01 required a complete cure of the default within the applicable time period.

On a motion for summary judgment, a court may properly interpret a contract "only if the meaning of the contract is unambiguous." Am. Nat. Red Cross v. United Way California Capital Region, 2008 WL 4814046, at *4 (E.D. Cal. Nov. 3, 2008). However, where the words of a contract are ambiguous, the interpretation of the contract presents a mixed question of law and fact. See Libby McNeill & Libby v. City Nat'l Bank, 592 F.2d 504, 512 (9th Cir. 1978). Accordingly, "[i]f a contract provision is ambiguous, summary judgment is generally improper because differing views of the intent of parties will raise genuine issues of material fact." Meridian Proj. Sys., Inc. v. Hardin Const. Co., LLC, 426 F. Supp. 2d 1101, 1109 (E.D. Cal.

2006)(quotation omitted).

A provision in a contract is considered ambiguous when it is capable of two or more constructions, both of which are reasonable. Bay Cities Paving Grading, Inc. v. Lawyers' Mutual Ins. Co., 5 Cal. 4th 854, 867 (1993). The determination of whether language in a contract is ambiguous is a matter of law. United States v. King Features Entm't, Inc., 843 F.2d 394, 398 (9th Cir. 1988)(citations omitted). If the Court determines that the contract language is ambiguous, the Court may also consider extrinsic evidence to ascertain the parties' true intent in an attempt to clarify the ambiguities of the contract language in question. Casa Herrera, Inc. v. Beydoun, 32 Cal. 4th 336, 343 (2004).

The Court finds that the language at issue in Section 15.01 is ambiguous, as it is capable of two or more constructions, each of which is reasonable. Specifically, the Court finds that based on the plain reading of Section 15.01 and a reading of the Agreement itself as a whole, the language at issue here in Section 15.01 could be reasonably construed as requiring either the commencement of the cure and diligent pursual of the completion of such cure by the end of the cure period or a full completion of the cure by the end of this time period. See Meridian Project Sys., Inc., 426 F. Supp. 2d 1101 at 1109. Moreover, the available extrinsic evidence here does not resolve this ambiguity, as the Court finds that neither Party

has offered extrinsic evidence that sufficiently clarifies either the meaning of this language or the Parties' intent at the time of drafting. See Goodman v. Resolution Trust Corp., 7 F.3d 1123, 1126 (4th Cir. 1993). See also Pardi v. Kaiser Foundation Hospitals, 389 F.3d 840, 848 (9th Cir. 2004) (noting that disputed issues of fact precluded summary judgment where the ambiguity in the contract could not be resolved through an examination of extrinsic evidence).

As such, the Court finds this ambiguity precludes the Court from interpreting the language and requirements of Section 15.01 on this present Motion for Summary Judgment. As a result, a genuine issue of material fact remains as to the requirements set forth under this Section and as to whether Defendant was in breach of the Agreement.

Accordingly, Defendant's Motion for Summary Judgment as to Plaintiff's Complaint for Breach of Contract is **DENIED**.

### B. The Extension Of The Cure Period

Next, Defendant contends there is no genuine issue of material fact as to whether it commenced a cure of the default within the applicable time period. Specifically, Defendant points to the fact that it sent Plaintiff a check for $50,263.00 on June 8, 2009, and argues that Defendant sufficiently commenced its cure of the default on this date. Defendant asserts that because it complied with its proffered interpretation

of Section 15.01 of the Agreement, there is no genuine issue of material fact as to whether Defendant breached the Agreement. Plaintiff and Counterdefendants argue that after Defendant went into default, the Parties agreed to extend the cure deadline to June 15, 2009 on the condition that Defendant pay Plaintiff $330,000.00 by the end of this extended deadline. Therefore, Plaintiff and Counterdefendants assert that regardless of whether Defendant's proffered interpretation of Section 15.01 is correct, a mere commencement of the cure and diligent pursual of the cure was not sufficient under the terms of the extension, as Defendant was instead required to pay $330,000.00 by the extended June 15, 2009 deadline.

As noted above, the Court finds that a genuine issue of material fact remains regarding the interpretation of the language set forth in Section 15.01. As such, the Court finds that Defendant has not met its burden to establish that there is no genuine issue of material fact as to whether Defendant breached the Agreement, and therefore the Court **DENIES** Defendant's Motion for Summary Judgment on Plaintiff's Complaint for Breach of Contract.

Moreover, the Court finds that a genuine issue of material fact exists as to the terms of the agreed-upon extension of the cure deadline. Specifically, the Court finds that Plaintiff and Counterdefendants have raised a genuine issue of material fact regarding

whether the Parties agreed that this extension was a general extension of the cure rights present in Section 15.01 of the Agreement, or instead whether the Parties agreed that the extension was to be expressly conditioned on Defendant paying Plaintiff at least $330,000.00 by the end of the extended cure period. While Defendant argues this extension was simply a general extension of the cure rights contained in Section 15.01, Plaintiff and Counterdefendants submit statements made by Plaintiff's Counsel, James Skinner, in his Declaration,[2] and point to an e-mail between James Skinner and Defendant's President, Bruce Sanborn, in which James Skinner states that Plaintiff expected a full payment by the end of the extended cure period pursuant to the negotiations between the Parties. [Decl. Sanborn, Ex. 6.] Therefore, the Court finds that Plaintiff and Counterdefendants, as the non-moving parties, have gone beyond the pleadings and designated specific facts showing that there is a genuine issue for trial regarding the terms of this extension. See

---

[2] Defendant argues that because the Declaration of James Skinner contains statements that do not comply with Plaintiff's previous discovery responses, the Declaration is a sham affidavit and cannot create a genuine issue of material fact regarding the terms of the extension. The Court finds this argument unpersuasive, as this Declaration does not contain statements that "flatly contradict[]" Plaintiff's earlier testimony. Slowjewski v. Polam Fed. Credit Union, 2010 WL 4973757, at *8 (N.D. Cal. Dec. 1, 2010). Therefore, the Court finds that Defendant has not shown that this Declaration is a sham affidavit, and therefore can consider this Declaration and the statements therein for purpose of this Motion.

<u>Celotex</u>, 477 U.S. at 324.

Accordingly, the Court **DENIES** Defendant's Motion for Summary Judgment as to Plaintiff's Complaint.

### C. <u>Defendant's Diligent Pursual Of The Cure</u>

Finally, Defendant asserts there is no genuine issue of material fact as to whether it was diligent in pursuing the cure and the Court should find as a matter of law that it complied with the requirements of Section 15.01 and did not breach the Agreement.

As noted above, the Court finds that a genuine issue of material fact remains regarding the interpretation of the language set forth in Section 15.01, as well as the terms of the subsequent extension of the cure period. As such, the Court finds that Defendant has not met its burden to establish that no genuine issue of material fact exists regarding whether Defendant breached the Agreement. Therefore, the Court **DENIES** Defendant's Motion for Summary Judgment on Plaintiff's Complaint for Breach of Contract.

In addition, the Court finds that Defendant has failed to meet its burden of establishing that there is no genuine issue of material fact as to whether Defendant was diligent in pursuing the cure of its default. Plaintiff and Counterdefendants set forth specific facts and evidence here that sufficiently raise a triable issue of fact regarding Defendant's diligence in attempting to cure the default, such as the fact that Defendant failed to make any payment to

13

Plaintiff with respect to its default until June 8, 2009 and that Plaintiff's offer of the $300,000.00 check was never actually tendered to Plaintiff.[3]

Therefore, as a genuine issue of material fact remains regarding whether Defendant was diligent in its pursual of the cure here, the Court **DENIES** Defendant's Motion for Summary Judgment on the Complaint.

2. <u>Defendant's Motion For Partial Summary Judgment</u>

Finally, Defendant requests Partial Summary Judgment on various claims, defenses and issues that concern and arise out of the issue of whether Defendant breached the Agreement. As the Court finds that a genuine issue of material fact remains regarding whether Defendant breached the Agreement, as noted above, Defendant's Motion for Partial Summary Judgment is **DENIED**.

Accordingly, for the reasons stated above, the
///
///
///
///

---

[3] Defendant also raises the argument that the overall issue of its diligence after June 15, 2009 is irrelevant, arguing that Plaintiff terminated Defendant's rights on this date and therefore this was an anticipatory repudiation that excused Defendant from further performance. However, the Court finds this argument unpersuasive, as Defendant has failed to establish at this juncture that Plaintiff's e-mails and letters on June 23, 2009, June 29, 2009 and July 8, 2009 stating that certain rights were terminated constitute an anticipatory repudiation that renders the issue of Defendant's diligence irrelevant.

Court **DENIES** Defendant's Motion for Summary Judgment and for Partial Summary Judgment.

DATED: June 16, 2011
**IT IS SO ORDERED.**

RONALD S.W. LEW

---

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge
